IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS CARRASQUILLO,<br>**Plaintiff** | : | CIVIL NO. 3:CV-05-2248 |
| | : | **(Judge Munley)** |
| v. | : | |
| MR. MATALONI, et al.,<br>**Defendants** | : | |

## MEMORANDUM AND ORDER

Plaintiff Luis Carrasquillo originally filed this civil rights action on November 1, 2005, and is now proceeding *via* an amended complaint. (Doc. 14). Presently pending are motions to dismiss the amended complaint pursuant to FED. R. CIV. P. 12(b)(6) filed on behalf of defendants Yarcowzer and Diaz (Doc. 22), and defendant Mataloni (Doc. 26). For the reasons set forth below, both motions will be granted.

**I. Allegations of the Complaint**

Due to violations of the conditions of his pre-release program, plaintiff's parole was revoked and he was recommitted to the Department of Corrections. On September 24, 2004, he reported to the State Correctional Institution at Graterford ("SCI-Graterford") to serve his sentence. At that time, plaintiff informed medical personnel that he suffered from Tourette's Syndrome. He was seen by either a physician's assistant or doctor and prescribed Klonopin, medication to control his Tourette's Syndrome. Thereafter, he was transferred to the institution to which he was assigned, the State Correctional Institution at Retreat ("SCI-Retreat"). He was immediately taken off his medication by defendant Yarcowzer, a

physician's assistant.

On December 1, 2004, he was out on writ and returned to SCI-Graterford. He was seen by Dr. Cusick who determined that plaintiff's Tourette's Syndrome was out of control. Dr. Cusick established a treatment plan which resulted in immediate controlled management of the Tourette's syndrome.

Upon his return to SCI-Retreat, he was again taken off the treatment plan prescribed by Dr. Cusick and he was offered Clonodine. After immediate signs of side effects, he complained to defendant Diaz. Diaz informed plaintiff that Clonodine was the only medication that he would be offered.

He indicates that he informed defendant Mataloni, the health care administrator, of all developments.

As relief, he would like to be placed back on the treatment plan prescribed by Dr. Cusick. He also seeks monetary damages.

## II. Standard of Review

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that

sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

### III. Discussion

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. at 104; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir.2002).

This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa), aff'd, 103 F.3d 691 (1996) (citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

When an inmate is provided with medical care and the dispute is over the adequacy of

3

that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D.Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County Correctional Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. White v. Napoleon, 897 F.2d 103, 108- 10 (1990).

A. Defendants Yarcowzer and Diaz

Throughout the relevant time period, plaintiff was seen by various medical personnel. Each time he was seen, he was evaluated and was prescribed medication for his Tourette's Syndrome. Plaintiff's discontent with his medical treatment stems from his dissatisfaction with the medication prescribed by defendants. This is clearly a case where plaintiff has been given medical attention and is dissatisfied with the results. An inmate's disagreement with medical treatment is insufficient to establish deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Durmer, 991 F.2d at 69. Courts will not second guess whether a particular course of treatment is adequate or proper. Parham v. Johnson, 126 F.3d 454, 458 n. 7 (3d Cir. 1997). Defendants' motion to dismiss will be granted.

B. Defendant Mataloni

Plaintiff cannot impose liability on this defendant based on alleged inadequate medical care. If a prisoner is under the care of medical experts, as is the case here, a non-

4

medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are misleading (or not treating) a prisoner. . . ." Spruill, 372 F.3d at 236; Durmer, 991 F.2d at 67. Accordingly, defendant Mataloni's motion to dismiss will be granted.

An appropriate order will issue.

Dated: July 27, 2006

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS CARRASQUILLO, | : | CIVIL NO. 3:CV-05-2248 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MR. MATALONI, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to with, this 21st day of July 2006, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss (Docs. 22, 26) plaintiff's complaint are GRANTED.

2. Plaintiff's complaint is DISMISSED in its entirety.

3. The Clerk of Court is directed to TERMINATE all pending motions. (Docs. 22, 26, 33, 40.

4. The Clerk of Court is further directed to CLOSE this case.

5. Any appeal from this order will be DEEMED frivolous, not taken in good faith, and lacking in probable cause.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court